EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANDRÉS CAMACHO CRUZ, acusado y apelante.

Núm. 11654.—*Sometido:* Diciembre 13, 1946. *Resuelto:* Enero 28, 1947.

*Adolfo García Veve* y *Faustino R. Aponte,* abogados del apelante; *Hon. Procurador General Interino Luis Negrón Fernández* y *Joaquín Correa Suárez, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El apelante fué acusado de asesinato en segundo grado cometido en la persona de Fabián de Jesús. El jurado lo declaró culpable de homicidio voluntario y fué sentenciado a cumplir seis años de presidio. El único error que se señala en apoyo de este recurso es el no habérsele permitido presentar evidencia de cierta confesión extrajudicial hecha por Francisco de Jesús, hermano del occiso, al efecto de que él y no el apelante, fué quien causó la muerte.

La prueba de El Pueblo es al efecto de que el 30 de marzo de 1941 el acusado, acompañado de Juan Alvira Cruz, pasó frente a la casa donde vivía Primitivo De Jesús, en el barrio Chupacallos del término municipal de Ceiba y llamó a Primitivo para que saliera a hablar con él. Tuvieron una breve discusión el acusado y Primitivo De Jesús, yéndose a las manos. Mientras peleaban llegó el interfecto, hermano de Primitivo De Jesús, y recriminó a los contendientes porque siendo vecinos y amigos estaban peleando. En esos momentos el acusado sacó un puñal y sin que mediara provocación alguna por parte de Fabián De Jesús, infirió a éste una puñalada en el pecho, la cual le seccionó la aorta, causándole la muerte casi instantáneamente. El interfecto se desplomó al recibir la puñalada, siendo auxiliado por su madre, quien lo recostó sobre su falda. En esos instantes Francisco De Jesús, hermano también del interfecto, corrió desde la casa donde vivía la familia De Jesús y con un machete que traía acometió al acusado. Este evadió la agresión, recibiendo la herida en el abdomen Fabián De Jesús, quien ya había expirado. Francisco De Jesús inmediatamente fué a Fajardo a dar cuenta a la Policía y por razones que no surgen del récord, fué detenido en la cárcel durante cinco o siete días como supuesto coautor del delito. El acusado también fué arrestado. Al cabo de esos días, Francisco De Jesús fué puesto en libertad, formulándose acusación únicamente contra el apelante.

La prueba de cargo es vigorosa en el sentido de que el acusado infirió la herida que seccionó la aorta y de que cuando accidentalmente Francisco De Jesús hirió a su hermano, éste ya había muerto a causa de la puñalada que le infirió el acusado. La circunstancia de haberse causado la herida inferida por Francisco De Jesús después de muerto Fabián De Jesús, fué corroborada por el médico que practicó la autopsia. Refiriéndose éste a la herida que seccionó la aorta, declaró que tenía sangre coagulada en sus bordes y que dentro de la herida había algún líquido sanguíneo. Con respecto a la herida en el abdomen declaró que en ella no había sangre porque la herida del pecho vació toda la corriente sanguínea dentro de la cavidad del tórax, demostrando así que cuando se infirió esta herida ya Fabián De Jesús había muerto.

Toda la prueba del fiscal fué directa, declarando cuatro testigos que presenciaron los hechos hasta el momento mismo en que terminó la contienda. Solamente Juan Montañez Cruz, testigo del Fiscal y primo del acusado, declaró no haber visto el momento en que Fabián De Jesús recibió la puñalada en el pecho.

La defensa llamó como testigo a Valeriano Flores, quien declaró que la noche de autos había visto a Francisco De Jesús portando un machete manchado con sangre; que éste fué detenido por la Policía y conducido de Fajardo al Cuartel de la Policía en Ceiba. La defensa hizo a este testigo varias preguntas tendentes a probar cierta confesión por parte de Francisco De Jesús, al efecto de que éste fué quien dió muerte a su hermano. Pero objetadas esas preguntas y sostenida la objeción, la defensa pidió a la corte que retirase al jurado para consignar en récord lo que se proponía probar con el testigo Valeriano Flores y con otro testigo llamado Manuel Casillas. Retirado el jurado, consignó en récord la defensa que con el testigo Valeriano Flores se proponía probar lo siguiente: Que Francisco De Jesús fué lle-

vado al Cuartel y en presencia del propio testigo, del Jefe de la Policía y de otras personas, confesó que con el machete había dado muerte a su hermano Fabián De Jesús. Consignó, además, la defensa, que con el testigo Manuel Casillas se proponía probar que el día 31 de marzo de 1941 Casillas se personó en la cárcel municipal donde estaba detenido Francisco De Jesús y que éste le manifestó que había matado a su hermano Fabián, preguntándole, además, si ya habían enterrado a su hermano, usando las siguientes palabras: "¿Ya enterraron a ese perro de mi hermano?"

Como hemos dicho, el hecho de que fué el acusado quien mató a Fabián De Jesús, fué declarado por varios testigos presenciales. La defensa pretendió descansar únicamente en la supuesta confesión de Francisco De Jesús y no presentó prueba alguna para controvertir las declaraciones de los testigos de cargo.

Ya este Tribunal, en el caso de *Pueblo* v. *Marchand Paz*, 53 D.P.R. 671, siguiendo el caso de *Donnelly* v. *U. S.*, 228 U. S. 243 (1913), estableció en esta jurisdicción la doctrina de que, en un juicio criminal, evidencia de la admisión o confesión de un extraño al efecto de que él perpetró el delito, no es admisible como evidencia substantiva tendente a exculpar al acusado. Esa es la regla prevaleciente en la Corte Suprema de los Estados Unidos y en la mayoría de las jurisdicciones estatales, así como en Inglaterra. Monografías en 162 A.L.R. 450; 48 A.L.R. 348 y 35 A.L.R. 441.

No tenemos motivo alguno para abandonar la regla ya establecida. Pero en el supuesto de que estuviésemos inclinados a hacerlo, las circunstancias del presente caso no lo justificarían, consideradas la ausencia de móvil por parte de Francisco De Jesús para matar a su hermano y la evidencia directa presentada por El Pueblo con la cual probó, a satisfacción del jurado, que la muerte fué causada por el acusado.

*Procede la confirmación de la sentencia.*